UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRANDON CABLE,

                Plaintiff,               Civil Action No.
                                      11-cv-14877
vs.

                                      PAUL D. BORMAN
MORTGAGE ELECTRONIC REGISTRATION        UNITED STATES DISTRICT JUDGE
SYSTEMS, INC., WELLS FARGO BANK, N.A.,
ELLEN COON, and SUNTRUST MORTGAGE, INC.,

                Defendants.
_____/


**OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTION TO REMOVAL (Dkt. No. 5), AND (2) GRANTING DEFENDANT ELLEN COON'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 13)**

      This is a mortgage foreclosure case. Brandon Cable ("Plaintiff") filed the Complaint in this matter on October 5, 2011, in Macomb County Circuit Court in Michigan. On November 4, 2011, SunTrust Mortgage ("SunTrust") removed the case to this Court on the basis of diversity jurisdiction, alleging that Defendant Ellen Coon ("Coon"), a Michigan resident, is a nominal Defendant or was fraudulently joined. (Dkt. No. 1.) Mortgage Electronic Registration Systems ("MERS") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively with SunTrust and Coon, "Defendants"), consented in removal on November 8, 2011. (Dkt. No. 8.)

      Also on November 8, 2011, Plaintiff filed an Objection to Defendant SunTrust's Notice of

Removal.[1] (Dkt. No. 5.) Defendant SunTrust filed a Response to Plaintiff's Objection on November 22, 2011. (Dkt. No. 15.)

On November 21, 2011, Defendant Coon filed a Motion for Summary Judgment. (Dkt. No. 13.) Plaintiff filed a Response on December 5, 2011.[2] (Dkt. No. 18.) Defendant Coon filed a Reply on December 19, 2011. (Dkt. No. 19.) The Court held a hearing on February 2, 2012.[3]

For the reasons stated below, the Court will:

(1) DENY Plaintiff's Objection to Removal;

(2) GRANT Defendant Coon's Motion for Summary Judgment; and

(3) DENY Plaintiff's Motion to Amend.

## I. BACKGROUND

The following facts are not in dispute. On January 13, 2006, Ross Mortgage Corporation granted Plaintiff a mortgage in the amount of $165,000, for property located at 13173 Brierstone Drive in Sterling Heights, Michigan. The mortgage provided that Defendant MERS could act "solely as a nominee for Lender and Lender's successors and assigns." (Def.'s Mot. Ex. B, Mortgage 2.) On October 26, 2010, Defendant MERS assigned the mortgage to Defendant Wells Fargo. (Def.'s Mot. Ex. C, Assignment.) Defendant Coon acted as a certifying officer for Defendant

---

[1]Plaintiff's "Objection" should have been filed as a motion to remand. Because he styled it as an "objection" rather than a motion, it was never scheduled for a hearing.

[2]Plaintiff's Response to Defendant Coon's Motion for Summary Judgment was improperly labeled as a Reply when Plaintiff's counsel e-filed on the CM/ECF docket.

[3]The motions at issue only involve Defendant Coon. Because there is no diversity jurisdiction if Plaintiff has a legitimate claim against her, the Court must first address Coon's status as a party in this case before it can consider the substantive motions filed by the other Defendants.

MERS.

Plaintiff defaulted on the mortgage and Defendant Wells Fargo initiated a foreclosure by advertisement. However, Plaintiff filed the instant lawsuit before the sheriff's sale took place. The sale is currently being postponed on a weekly basis.

Plaintiff alleges that Defendant Wells Fargo cannot foreclose on the property because there is a break in the chain of ownership of Plaintiff's mortgage. Plaintiff alleges that the October 26, 2010 assignment signed by Defendant Coon is fraudulent, that MERS could not have assigned the mortgage because it was held in a securitized trust, and that Defendant Coon's signature was forged. Plaintiff also alleges that the assignment violated Michigan's transfer tax statute.

## II. LEGAL STANDARD

### A. Fraudulent Joinder

The Court must first examine as a jurisdictional issue whether Defendant Coon, as a non-diverse party, was properly joined as a Defendant. "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). To determine whether a non-diverse defendant was improperly joined, the Court must examine whether Plaintiff has "at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts." *Id.*

### B. Summary Judgment

Defendant Coon has also moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). To survive this motion, Plaintiff must establish that there is a genuine issue of

material fact that must be decided by a jury. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court construes all reasonable inferences in favor of the non-moving party. *Id.* at 587. However, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The dispute over a material fact must be "'genuine,' that is, if the evidence is such that a reasonable juror could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. ANALYSIS

Because the arguments presented in Plaintiff's Objection to Removal to Federal Court and Defendant's Response, are the same as the arguments presented in Defendant Coon's Motion for Summary Judgment/Dismissal and Plaintiff's Response, the Court will address them together.

**A. Claims Against Defendant Coon**

*1. Standing*

Defendant Coon argues that Plaintiff lacks standing to challenge the assignment she executed because it was between Defendant MERS and Defendant Wells Fargo. Defendant asserts that Plaintiff cannot challenge the legality of an assignment to which he was not a party. Plaintiff argues that the assignment violates Michigan law and contains fraudulent statements.

To have standing, Article III requires a plaintiff to "have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent plaintiff's injury." *Coal Operators and Associates, Inc. v. Babbit*, 291 F.3d 912, 916 (2002). In addition, a plaintiff must also satisfy "prudential standing," which requires a showing that "the plaintiff [is the] proper proponent, and the action a proper

4

vehicle, to vindicate the rights asserted." *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009) (citation omitted).

Both parties cite *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724 (E.D. Mich. 2010) (Feikens, J.), *aff'd*, 399 Fed. Appx. 97 (6th Cir. 2010), cert. denied, 131 S.Ct. 1696 (2011). In *Livonia Property Holdings*, the plaintiff entered into a commercial mortgage loan with Lehman Brothers Bank, FSB ("Lehman Brothers"), that was secured by four different properties. *Id.* at 728. After the loan was disbursed, Lehman Brothers deposited the loan into a commercial mortgage trust, and ultimately assigned the loan documents to LaSalle Bank National Association. *Id.* The plaintiff later defaulted on the mortgage loan, and the defendant initiated foreclosure of the four properties. *Id.* at 730. The plaintiff attempted to challenge the defendant's right to foreclose on the properties, arguing *inter alia* that the assignment of the loan from Lehman Brothers to the mortgage trust was invalid. *Id.* at 730-31.

The Court held as follows: "Borrower disputes the validity of the assignment documents on several grounds . . . . But, as a non-party to those documents, it lacks standing to attack them." *Id.* at 735. The Court reasoned that, while the plaintiff did have an interest in voiding the foreclosure of the four properties, "the validity of the assignments does not effect *whether* [the plaintiff] owes its obligations, but only to *whom* [the plaintiff] is obligated." *Livonia Property Holdings*, 717 F. Supp. 2d at 735 (emphasis in original). The Court specifically noted that "[a] debtor, for example, cannot raise alleged acts of fraud, or question the motive or purpose underlying an assignment." *Id.* at 736.

Plaintiff, however, relies on language in *Livonia Property Holdings* noting that "a debtor

5

may assert certain defenses that render an assignment absolutely invalid (such as nonassignability

of the right assigned) . . . ." *Id.* 735-36. Plaintiff argues that his claims to void the assignment

are based upon the assertion that Defendant MERS did not have the right to assign the mortgage.

Nevertheless, a non-party to an assignment may not challenge the assignment if the assignor and

assignee do not contest the document and act in accordance with it. *Id.* at 736 (discussing

*Pashak v. Interstate Highway Construction, Inc.*, No. 189886, 1998 WL 2001203 (Mich. Ct.

App. Mar. 20, 1998)). Moreover, even if Plaintiff could raise a defense that the assignment was

absolutely invalid, this would not give him the right to bring claims against Defendant Coon,

who was not actually a party to the assignment and merely signed on behalf of Defendant MERS.

Plaintiff argues that the transfer of the mortgage without the note was a nullity, and that

Defendant MERS' status as "nominee" for the lender did not imbue it with sufficient authority to

execute the assignment at issue. Neither of these arguments has a reliable basis under Michigan

law.

In *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011), the Michigan

Supreme Court held that MERS can foreclose on property even if it does not hold an interest in

the note: "'the trust and the beneficial interest need not be in the same hands. . . . The choice of a

mortgagee is a matter of convenience.'" *Id.* at 909 (quoting *Adams v. Niemann*, 46 Mich. 135,

137 (1881)). The Michigan Supreme Court has thus specifically held that a mortgage may be

transferred and assigned separately from the note and remain valid.

Regarding Plaintiff's second argument, the Michigan Court of Appeals has recognized

that, where the mortgage documents grant MERS the power to assign, assignments by MERS are

valid. *See Bakri v. Mortgage Electronic Registration System*, No. 297962, 2011 WL 3476818,

6

*4 (Mich. Ct. App. Aug. 9, 2011) (holding that "[b]ecause plaintiff granted defendant MERS the power to assign the mortgage, the assignment of the mortgage . . . was valid.").

Accordingly, Plaintiff has failed to show any basis in Michigan law that supports his claims against Defendant Coon regarding invalidating the October 26, 2010 assignment.

## 2. Fraud Claim

Defendant Coon argues that Plaintiff has not alleged fraud against her with the particularity required under Fed. R. Civ. P. 9(b). Rule 9(b) requires, at a minimum, that a plaintiff "allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). Plaintiff argues that the particularity requirement is met because the alleged fraud is contained within the October 26, 2010 assignment document.

The specific fraud that Plaintiff claims is as follows: "The assignment is false [fraudulent] because MERS did not have rights to the Mortgage or Note when it tried to assign them." (Pl.'s Resp. 11.) However, Plaintiff has failed to allege with the requisite particularity which statement in the assignment is fraudulent, or for what reasons it is fraudulent. Furthermore, the mortgage contract, which Plaintiff signed, specifically allows assignment of the mortgage: "Borrower [Plaintiff] does hereby mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property . . . ." (Def.'s Mot. Ex. B, Mortgage 3.) Plaintiff thus expressly conveyed legal title in the property to Defendant MERS, including all of Defendant MERS' "successors and assigns." Plaintiff has failed to allege with particularity why he believes Defendant MERS did not have legal title in the mortgage or note, and more

7

importantly, that Defendant Coon knew of this alleged lack of title. Plaintiff's allegation that

Defendant MERS' fraudulently claimed the right to assign the mortgage therefore fails.

*3. Transfer Tax Claim*

The Complaint alleges that Defendant Coon violated Michigan's Real Estate Transfer

Tax statute by creating and violating the October 26, 2010 assignment. (Compl. ¶¶ 21, 22.)

Defendant Coon argues that this statute does not require the payment of tax for an assignment of

a mortgage. Plaintiff does not address this argument in his Response and did not address it at

oral argument.

Pursuant to Mich. Comp. Laws. § 207.502, Michigan's Real Estate Transfer Tax is only

applicable to the following recorded instruments executed within the state:

> (a) Contracts for the sale or exchange of real estate or any interest
> therein or any combination of the foregoing or any assignment or
> transfer thereof.
> (b) Deeds or instruments of conveyance of real property or any
> interest therein, for a consideration.

While the statute does mention "assignment," it refers to the assignment of a contract for

the sale of real estate, not the assignment of a mortgage. Accordingly, Defendant Coon did not

violate the Real Estate Transfer Tax statute because she was not required to pay taxes on the

assignment of Plaintiff's mortgage.

*4. Conclusion*

Plaintiff has thus failed to demonstrate a colorable cause of action, arising under state

law, that he can bring against Defendant Coon. The Court therefore finds that Defendant Coon

was fraudulently joined, and she is dismissed from this action.

8

**D. Plaintiff's Motion to Amend**

On January 12, 2012, Plaintiff filed a Motion to Amend Complaint.  (Dkt. No. 20.)

Plaintiff's Proposed Amended Complaint lists Defendant Coon as a Defendant and includes the

same claims against her as the current Complaint.  Allowing Plaintiff to maintain these claims

against Defendant Coon would leave the new Complaint susceptible to dismissal under Rule

12(b)(6), and would therefore be futile.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417,

420 (6th Cir. 2000).  The Court will thus deny Plaintiff's Motion to Amend with regard to any

claims against Defendant Coon.

## IV.  CONCLUSION

For the reasons stated above, the Court will:

(1) **DENY** Plaintiff's Objection to Removal to Federal Court;

(2) **GRANT** Defendant Coon's Motion for Summary Judgment/Dismissal; and

(3) **DENY** Plaintiff's Motion to Amend.


SO ORDERED.


Dated: 2 - 28-12                          _____

Detroit, Michigan                         PAUL D. BORMAN

                                          UNITED STATES DISTRICT JUDGE