UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON CABLE,

          Plaintiff,

vs.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., WELLS FARGO BANK, N.A.,
ELLEN COON, and SUNTRUST MORTGAGE, INC.,

          Defendants.
_____/

Civil Action No.
11-cv-14877

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER
## (1) GRANTING DEFENDANTS MERS AND WELLS FARGO'S MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT (Dkt. No. 22), AND
## (2) GRANTING DEFENDANT SUNTRUST'S MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT (Dkt. No. 26)

This is a mortgage foreclosure case. Brandon Cable ("Plaintiff") filed the Complaint in this matter on October 5, 2011, in Macomb County Circuit Court in Michigan. On November 4, 2011, SunTrust Mortgage ("SunTrust") removed the case to this Court on the basis of diversity jurisdiction, alleging that Defendant Ellen Coon ("Coon"), a Michigan resident, is a nominal Defendant or was fraudulently joined.[1] (Dkt. No. 1.) Mortgage Electronic Registration Systems ("MERS") and Wells

---

[1] On February 28, 2012, the Court granted Defendant Coon's Motion for Summary Judgment, finding that she was fraudulently joined, and dismissed her from this action. (Dkt. No. 27.) The Sixth Circuit recently noted that a district court exceeds its limited jurisdiction under 28 U.S.C. § 1332 when it grants a motion to dismiss filed by a non-diverse party. *Yuille v. Amer. Home Mortg. Servs., Inc.*, No. 10-2564, 2012 WL 1914056, *1 n. 1 (6th Cir. May 29, 2012) (unpublished). In its Opinion and Order dismissing Defendant Coon, the Court analyzed whether Plaintiff could state a colorable cause of action against the non-diverse Defendant. *See Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (affirming district

1

Fargo Bank, N.A. ("Wells Fargo") (collectively with SunTrust, "Defendants"), consented in removal on November 8, 2011. (Dkt. No. 8.)

On January 25, 2012, Defendants MERS and Wells Fargo filed a Motion for Summary Judgment/Dismissal. (Dkt. No. 22.) Defendant SunTrust filed a Motion for Judgment on the Pleadings and Summary Judgment on February 21, 2012. (Dkt. No. 26.) Thereafter, on March 21, 2012, Plaintiff filed a joint Response to Defendants' Motions. (Dkt. No. 29.) Defendants filed separate replies on April 11, 2012. (Dkt. Nos. 32 and 33.) The Court held a hearing on June 7, 2012.

For the reasons stated below, the Court will GRANT Defendants' Motions and DISMISS the action.

## I. BACKGROUND

The pertinent facts for the instant motions are the same as they were in the Court's prior Opinion and Order. The facts summarized in that Opinion and Order are as follows:

> The following facts are not in dispute. On January 13, 2006, Ross Mortgage Corporation granted Plaintiff a mortgage in the amount of $165,000, for property located at 13173 Brierstone Drive in Sterling Heights, Michigan. The mortgage provided that Defendant MERS could act "solely as a nominee for Lender and Lender's successors and assigns." (Def.'s Mot. Ex. B, Mortgage 2.) On October 26, 2010, Defendant MERS assigned the mortgage to Defendant Wells Fargo. (Def.'s Mot. Ex. C, Assignment.) Defendant Coon acted as a certifying officer for Defendant MERS.
> Plaintiff defaulted on the mortgage and Defendant Wells

---

court's grant of summary judgment in favor of defendants, and finding that district court did not err when, in granting summary judgment, it found that the non-diverse defendant was fraudulently joined). However, because Defendant Coon only acted as a certifying officer on behalf of Defendant MERS in the instant case, the Court also finds that Defendant Coon is a dispensable non-diverse party under Federal Rule of Civil Procedure 21, and will drop her from this action under the Court's own initiative. *See Yuille, supra.*

>Fargo initiated a foreclosure by advertisement. However, Plaintiff filed the instant lawsuit before the sheriff's sale took place. The sale is currently being postponed on a weekly basis.
>
>>Plaintiff alleges that Defendant Wells Fargo cannot foreclose on the property because there is a break in the chain of ownership of Plaintiff's mortgage. Plaintiff alleges that the October 26, 2010 assignment signed by Defendant Coon is fraudulent, that MERS could not have assigned the mortgage because it was held in a securitized trust, and that Defendant Coon's signature was forged. Plaintiff also alleges that the assignment violated transfer tax statutes.

(Feb. 28, 2012 Op. and Order 2-3.)

Defendant SunTrust is the servicer for Plaintiff's mortgage. (Def. SunTrust's Mot., Ex. B, Note.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Defendants MERS' and Wells Fargo's motion requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under this rule, the Court must view "all well-pleaded material allegations of the pleadings of the opposing party . . . as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted).

### B. Motion for Judgment on the Pleadings

Defendant SunTrust has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Under Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). The motion is granted only if "no material

3

issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* Still, a plaintiff must plead specific facts and not mere "legal conclusions." *In re DeLorean Motor Co.*, 991 F.2d at 1240. "A plaintiff falls short if [it] pleads facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct . . . .'" *Albrecht v. Treon*, 617 F.3d 890 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 1950 (2009)).

## C. Summary Judgment

All Defendants request summary judgment pursuant to Federal Rule of Civil Procedure 56(c). To survive this motion, Plaintiff must establish that there is a genuine issue of material fact that must be decided by a jury. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court construes all reasonable inferences in favor of the non-moving party. *Id.* at 587. However, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The dispute over a material fact must be "'genuine,' that is, if the evidence is such that a reasonable juror could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. ANALYSIS

### A. Standing

Plaintiff alleges that the assignment from Defendant MERS to Defendant Wells Fargo was fraudulent and invalid, and thus did not actually convey any interest in the property to Defendant Wells Fargo, so that Defendant Wells Fargo has no authority to initiate foreclosure proceedings.

Regarding Plaintiff's standing to challenge the assignment between Defendants MERS

4

and Wells Fargo, this Court previously held as follows:

> Plaintiff, however, relies on language in *Livonia Property Holdings* [*v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724 (E.D. Mich. 2010)] noting that "a debtor may assert certain defenses that render an assignment absolutely invalid (such as nonassignability of the right assigned) . . . ." *Id.* 735-36. Plaintiff argues that his claims to void the assignment are based upon the assertion that Defendant MERS did not have the right to assign the mortgage. Nevertheless, a non-party to an assignment may not challenge the assignment if the assignor and assignee do not contest the document and act in accordance with it. *Id.* at 736 (discussing *Pashak v. Interstate Highway Construction, Inc.*, No. 189886, 1998 WL 2001203 (Mich. Ct. App. Mar. 20, 1998)).

(Feb. 28, 2012 Op. and Order 5-6.)

Plaintiff attempts this exact argument again in his Response. Specifically, Plaintiff argues that MERS lacked authority to assign the mortgage as the lender's "nominee."

The Sixth Circuit recently upheld reasoning similar to the Court's prior holding, stating that a non-party to an assignment could not challenge the validity of the assignment, as follows: "We agree with the district court that any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, . . . and that Yuille, as a stranger to the assignment, lacked standing to challenge its validity . . . ." *Yuille, supra* at n. 1, *4.

The Court thus finds that Plaintiff lacks standing to challenge the validity of the assignment between Defendants MERS and Wells Fargo.

## B. Defendant Wells Fargo's Authority to Foreclose

Plaintiff argues that Defendant Wells Fargo did not have authority under Michigan law to initiate foreclosure procedures on Plaintiff's home. Plaintiff claims that the assignment

transferring the property from Defendents MERS to Defendant Wells Fargo was forged, and is "absolutely invalid."

Plaintiff correctly notes that, under Michigan law, "there is no such thing as a bona fide holder under a forged deed[.]" *Special Property VI v. Woodruff*, 273 Mich. App. 586, 591 (2007) (quoting *VanderWall v. Midkiff*, 166 Mich. App. 668, 685 (1988)). However, as noted *supra*, Plaintiff has no standing to challenge the validity of the assignment between Defendants MERS and Wells Fargo. The cases Plaintiff relies on involve parties who claimed that they acquired an interest in property by means of a forged deed or other invalid transaction. *Id.* at 588; *Felcher v. Dutton*, 265 Mich. 231, 233 (1933); *Horvath v. National Mortg. Co.*, 238 Mich. 354, 359-60 (1927); *Horton v. Verhelle*, 231 Mich. App. 667, 677 (1998). Plaintiff in the instant case is in a completely different position, because he indisputably mortgaged the property at issue to Defendant MERS, and to the successors and assigns of Defendant MERS. (Defs.' MERS and Wells Fargo's Mot., Ex. B, Mortgage at 3.) Defendant MERS subsquently assigned its rights in the mortgage to Defendant Wells Fargo. Plaintiff cannot challenge the validity of this subsequent transaction when he has already conveyed his interest to Defendant MERS. Plaintiff's claim that the assignment to Defendant Wells Fargo is null and void therefore fails.

Plaintiff argues that he is able to challenge the assignment because it could subject him to double liability. *See Livonia Property Holdings*, 717 F. Supp. 2d at 736 (noting that "the only interest or right which an obligor of a claim has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice." (Citation omitted)). Plaintiff has presented evidence that the mortgage note is currently held by a Real Estate Mortgage Investment Conduit trust, which is owned by Fannie Mae. (Pl.'s Resp. Ex. 3, Tyll Aff. ¶ 9.)

6

Plaintiff contends that, because the note is held by Fannie Mae while the mortgage is held by Defendant Wells Fargo, he is subject to the possibility of double liability on the note and mortgage, and thus has standing to challenge the assignment to Defendant Wells Fargo.

"In cases where the foreclosing party was not the holder of the note but only a holder of the mortgage, a plaintiff might have 'a genuine claim . . . that [he or she] might therefore be subject to double liability on [his or her] debt.'" *Talton v. BAC Home Loans Servicing LP*, --- F. Supp. 2d ----, 2012 WL 855975, *7 (E.D. Mich. Mar. 7, 2012) (Lawson, J.) (Citation omitted)). However, Plaintiff has not presented any evidence that Fannie Mae is attempting to collect on the note, or intends to collect on the note. Plaintiff's mere conjecture that he could at some point be subject to double liability is not sufficient to withstand a motion brought pursuant to Federal Rule of Civil Procedure 56. Furthermore, at the June 7, 2012 hearing on this matter, counsel for Defendant Wells Fargo produced the actual "wet ink" note with Plaintiff's original signature, which is currently held in a vault maintained by Defendant Wells Fargo. Plaintiff is therefore not subject to double liability, because the original note is currently held by Defendant Wells Fargo. Accordingly, his challenge to the assignment based on the alleged double liability is denied.

Plaintiff's claim that Defendant MERS had no authority to assign the mortgage is similarly unpersuasive. Plaintiff cites no Michigan case law that supports his argument, and the Sixth Circuit has found that MERS is permitted to assign its interest in a mortgage. *See Yuille, supra*; *see also Bakri v. Mortgage Electronic Registration System*, No. 297962, 2011 WL 3476818, *4 (Mich. Ct. App. Aug. 9, 2011) (unpublished) (holding that "[b]ecause plaintiff granted defendant MERS the power to assign the mortgage, the assignment of the mortgage . . . was valid."). Furthermore, the mortgage signed by Plaintiff specifically permitted Defendant

7

MERS to assign its interest in the mortgage. (Mortgage at 3.) Accordingly, Defendant MERS did have authority to assign its interest to Defendant Wells Fargo.

Plaintiff argues that Defendant Wells Fargo had no authority to foreclose because it did not also hold an interest in the note. In *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011), the Michigan Supreme Court held that MERS can foreclose on property even if it does not hold an interest in the note: "'the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience.'" *Id.* at 909 (quoting *Adams v. Niemann*, 46 Mich. 135, 137 (1881)). The Michigan Supreme Court has thus specifically held that a mortgage may be transferred and assigned separately from the note and remain valid.

In summary, Plaintiff has failed to state any reasonable or supportable basis showing that Defendant Wells Fargo lacks authority to foreclose on the property at issue.

## C. Derivative Claims

Plaintiff argues that Defendant SunTrust is liable to him for conversion, because it continued to service Plaintiff's mortgage after the mortgage note was transferred. Plaintiff also alleges that Defendants are liable for slander of title, because they did not have an interest in the note or the mortgage when they sought and obtained a sheriff's deed on Plaintiff's property.

Both of these claims are based on the alleged invalidity of the assignment of the mortgage from Defendant MERS to Defendant Wells Fargo, or on the illegality of Defendants splitting the note and the mortgage. As noted *supra*, Plaintiff lacks standing to challenge the validity of the assignment, and Defendants did not violate Michigan law by splitting the note and the mortgage. Moreover, Plaintiff has not presented any evidence showing that Defendant SunTrust was no longer entitled to service Plaintiff's mortgage after the transfer of the note. Accordingly,

Plaintiff's conversion and slander of title claims will be dismissed.

**D. Quiet Title Claim**

Plaintiff alleges that Defendants cannot show a chain of title evidencing their ownership in the note and mortgage. However, Defendants have produced evidence that the mortgage was assigned to Defendant Wells Fargo. (Defs. Wells Fargo's and MERS' Motion, Ex. C, Assignment.) As noted *supra*, the Michigan Supreme Court held in *Saurman* that foreclosure by advertisement where the foreclosing entity does not hold an interest in the note, is permissible under Michigan law. Accordingly, the assignment of the mortgage to Defendant Wells Fargo is sufficient to show that Defendant Wells Fargo has the right to foreclose on Plaintiff's property. Plaintiff's quiet title claim therefore must be dismissed.

**E. Transfer Tax Claim**

Plaintiff does not address this claim in his Response, and it is not clear if he intends to continue asserting it. Nevertheless, the Court previously ruled as follows on this claim:

> Pursuant to Mich. Comp. Laws. § 207.502, Michigan's Real Estate Transfer Tax is only applicable to the following recorded instruments executed within the state:
>
> (a) Contracts for the sale or exchange of real estate or any interest therein or any combination of the foregoing or any assignment or transfer thereof.
>
> (b) Deeds or instruments of conveyance of real property or any interest therein, for a consideration.
>
> While the statute does mention "assignment," it refers to the assignment of a contract for the sale of real estate, not a mortgage. Accordingly, Defendant Coon did not violate the Real Estate Transfer Tax statute because she was not required to pay taxes on the assignment of Plaintiff's mortgage.

9

> Plaintiff has thus failed to demonstrate a colorable cause of action, arising under state law, that he can bring against Defendant Coon.

(Feb. 28, 2012 Op. and Order 8.)

Plaintiff has also failed to state a colorable cause of action under the transfer tax statute against Defendants MERS, Wells Fargo, or SunTrust. Accordingly, for the same reasons as stated in its prior Opinion and Order, the Court will dismiss Plaintiff's transfer tax claim.

### F. Breach of Contract Claim

Plaintiff argues that Defendants breached the mortgage contract by selling the mortgage and note without prior notice to him. Plaintiff relies on a paragraph in the mortgage that provides: "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." (Mortgage ¶ 20.) Plaintiff argues that this language should be construed to mean that, if the note or mortgage are split, the borrower must be notified before they are sold. However, Plaintiff also granted the mortgage to Defendant MERS and its "successors and assigns . . ., with power of sale . . . ." (Mortgage 3.) Read together, these two sections do not suggest the meaning that Plaintiff asserts. Furthermore, in *Bakri*, the Michigan Court of Appeals held that similar language did not prevent MERS from assigning a mortgage without the note. *Bakri*, 2011 WL 3476818 at *4. Accordingly, Plaintiff's breach of contract claim will be dismissed.

### IV. CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' Motions and DISMISS the action WITH PREJUDICE.

SO ORDERED.

10

Dated: 6-22-12
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE